UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BERKLEY ASSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| THE ADAMS LAW FIRM; ADMIRAL | ) |
| TITLE, INC.; TERRY G. ADAMS; | ) |
| DANIEL STARNES; and TODD I. HEIRD, | ) |
| | ) |
| Defendants. | ) |

**PETITION FOR DECLARATORY JUDGMENT**

Plaintiff, Berkley Assurance Company ("Berkley"), for its Petition for Declaratory Judgment ("Petition"), states as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

2. Berkley issued a Lawyers Professional Liability Coverage for Claims-Made and Reported insurance policy to The Adams Law Firm and Admiral Title Inc. (the "Law Firm").

3. Berkley seeks a declaration regarding the existence of its contractual obligations to the Defendants in connection with claims being asserted against the Defendants in a legal malpractice action pending in the U.S. Bankruptcy Court for the Eastern District of Tennessee styled *F. Scott Milligan, Chapter 7 Trustee for Robert E. Sparks, Debtor v. Terry G. Adams, Daniel Starnes, Todd I. Heird and Admiral Title Co., Inc. d/b/a Adams Law,* Case No. 3:21-bk-31979-SHB ("the Malpractice Case").

4. The Malpractice Case arises out of the legal representation of Robert Sparks by the Law Firm, Terry G. Adams ("Adams"), Daniel Starnes ("Starnes"), and Todd Heird ("Heird") in

a civil case filed by Mark W. Russell against Robert Sparks and R.E. Sparks Construction, LLC in the Chancery Court for Knox County, Tennessee, Case No. 201337-3 (the "Russell Litigation").

5. Coverage for the Defendants for the claims made against them in the Malpractice Action should be limited or voided because Adams made false or misleading misrepresentations in a renewal application of the policy on behalf of the Law Firm, because coverage is otherwise excluded, and/or because Adams failed to timely provide notification of events or circumstances that were reasonably expected to give rise to a claim.

6. Berkley has filed this action to clarify the parties' respective rights and obligations under the policy.

## THE PARTIES

7. Plaintiff Berkley is an insurance company organized under the laws of Iowa, with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona. Berkley is not a limited liability company, and it is not a citizen of Tennessee.

8. Defendant Admiral Title, Inc. is a corporation organized under the laws of Tennessee, with its principal place of business in Tennessee.

9. At all relevant times, Adams Law was an assumed name of Admiral Title, Inc.

10. Terry G. Adams is the Registered Agent of Admiral Title, Inc.

11. Upon information and belief, Defendant Terry G. Adams is a citizen of Tennessee and resides in Knoxville, Tennessee.

12. Upon information and belief, Defendant Daniel Starnes is a citizen of Tennessee and resides in Knoxville, Tennessee.

13. Upon information and belief, Defendant Todd I. Heird is a citizen of Tennessee and resides in Knoxville, Tennessee.

14. Upon information and belief, Defendants Adams, Starnes, and Heird were attorneys employed by or otherwise working for the Law Firm at all times relevant to this action.

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 1332(a) because there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

16. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district.

17. There is an actual controversy existing between the parties regarding the applicability of insurance coverage with respect to the claims against the Law Firm and the individual Defendants pending in the Malpractice Action.

18. Berkley has no adequate remedy at law, and this is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

## THE POLICY

19. Berkley issued a Lawyers Professional Liability Coverage for Claims-Made and Reported insurance policy, Policy No. VUMB0237011, to named insured "The Adams Law Firm; Admiral Title Company" with a claims-made and reported policy period from January 28, 2022 to January 28, 2023 (the "Policy"). A certified copy of the Policy is attached as **Exhibit A**.

20. The Policy was a renewal of the prior year's claims-made and reported policy issued by Berkley to the Law Firm with a policy period of January 28, 2021 to January 28, 2022 and contains the same relevant policy forms. A certified copy of the initial policy is attached as **Exhibit B**.

21. The Policy provides coverage, subject to the Policy's terms and exclusions, up to a limit of liability per claim of $1,000,000.

22. The Policy's insuring agreement for liability coverage provides, in relevant part:

**SECTION I – COVERAGE**

1. Insuring Agreement

    a. We will pay, in excess of the Deductible shown in the Declarations, those sums any insured becomes legally obligated to pay as "damages" because of an act, error or omission arising out of your "legal services" rendered or that should have been rendered….

23. The Policy contains the following relevant exclusions:

2. Exclusions

    This Policy does not apply to any "claim":

    a. Based on or directly or indirectly arising from:

        (1) A "Legal Service" rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the "Legal Service" could give rise to a "Claim";
    …
    l. For payment of any fine, sanction or penalty of any nature against any insured[.]

24. The Policy also contains the following duties on the insured under Section V - Conditions:

2. Duties in the Event of a "Claim"
    a. If during the "Policy Period" or any Extended Reporting Period (if applicable) a "claim" is brought against any insured arising out of an event or circumstance, you must:

        (1) Immediately record the specifics of the "claim" or "suit" and the date received;

        (2) Provide us with written notice of the "claim" or "suit" as soon as practicable, but in no event later than thirty (30) days after the end of the "Policy Period" or before the end of any Extended Reporting Period (if applicable);

(3) Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the "claim" or "suit"; and

(4) Cooperate with us in the investigation, defense or settlement of the "claim" including:

(a) Upon request, submit to examination and interrogation under oath by our representative;

…

3. Notice of Potential "Claims"

If, during the "Policy Period", the First "Named Insured" shall become aware of any event or circumstance which may reasonably be expected to give rise to a "claim" being made against any insured, the First "Named Insured" must notify us in writing during the "Policy Period." The written notice shall include:

a. Specific details of the event or circumstances and why you believe it may give rise to a "claim;"

b. The names and addresses of any injured persons and potential claimants;

c. The names and addresses of any witnesses and the person(s) who committed or caused the possible event or circumstance; and

d. Any written notice from the potential claimant describing the event or circumstance.

…

6. Representations

You, through your insurance agent or broker have provided information to us which has induced us to issue this policy. Included in this information are an "application" and other correspondence including history regarding your losses, "claims" or incidents which may give rise to "claims" or suits. This history includes a listing of such losses, "claims" or incidents regardless of whether or not insurance may apply.

This information is incorporated into the policy and is material to our decision to issue this policy. You should review this information carefully, as the truth of this information was of paramount importance in influencing our decision to offer the terms and conditions under which this policy is issued.

You, on behalf of all insureds, warrant the truth of such information as of the effective date of this policy. You declare that you know of no "claim", incident, event, offense or circumstance which has taken place or becomes known prior to the effective date of this policy which may render inaccurate, untrue, incomplete or misleading any information or statement made in the "application" or other correspondence which is provided.

You understand that if such information is false or misleading, it may limit or void coverage under this policy.

## THE APPLICATION

25. On January 14, 2022, Adams signed a Lawyers Professional Liability Application as President of Admiral Title, Inc. d/b/a Adams Law for a proposed renewal of the Policy with an effective date of January 28, 2022. A copy of this application is attached as **Exhibit C**.

26. As part of that Application, Adams answered on behalf of Admiral Title, Inc. d/b/a Adams Law, a series of questions required in order to be considered for renewal. This included the following question under the heading No. 11 LOSS HISTORY:

> B. Is applicant, or any other person for whom insurance is being requested, aware of any circumstances or incidents which may reasonably be expected to result in a claim? ☐ Yes ☒ No
> If yes, provide full details. (Add page if needed)

27. The Application signed by Adams on January 14, 2022 also states as follows:

This application, information submitted with this application and all previous applications and material changes thereto of which the underwriting manager, Company and/or affiliates thereof receives notice is on file with the underwriting manager, Company and/or affiliates thereof and is considered physically attached to and part of the policy if issued. The underwriting manager, Company and/or affiliates thereof will have relied upon this application and all such attachments in issuing the policy. If the information in this application or any attachment materially changes between the date this application is signed and the effective date of the policy, the Applicant will promptly notify the underwriting manager, Company and/or affiliates thereof, who may modify or withdraw any outstanding quotation or agreement to bind coverage.

…

**WARRANTY**

I/We warrant to the Insurer, that I/We understand and accept the notice stated above and that the information contianed herein is true and that it shall be the basis of the policy and deemed incorporated therein, should the Insurer evidence its acceptance of this application by issuance of a policy. I/We authorize the release of claim information from any prior insurer to the underwriting manager, Insurer and/or affiliates thereof.

The statements in the Delcarations are accurate and complete.

That the statements made in the application and attachments and any other materials submitted are true and are the basis of this Coverage Part and are considered as incorporated into and constituting a part of this policy.

That the statements made in the application and attachments and any other materials submitted are representations and that such representations are deemed material to the acceptance of the risk or the hazard assumed by us under this Coverage Part and that this Coverage Part is issued in reliance upon the truth of such representations.

That in the event that the application, including attachments and any other materials submitted, contains misrepresentations which materially affect either the accceptance of the risk or the hazard assumed by us, this Coverage Part in its entirety shall be voided and of no effect.

Must be signed within 60 days of the proposed effective date.

**Signing the Application does not bind the Company to provide or you to purchase this insurance. It is understood that the information provided herein becomes part of the application for insurance and is subject to the same declarations, representations and conditions. This Application must be signed by a director, executive officer, partner or equivalent.**

Applicant: Admiral Title Inc. dba Adams Law

Title: President

Date: 1/14/2022

# FIRST CLAIM FOR DECLARATORY RELIEF
## THE POLICY IS VOID DUE TO A MISREPRESENTATION IN THE APPLICATION

28. Berkley reaffirms and realleges each and every allegation contained in this Petition as if set forth fully herein.

29. On January 14, 2022, when Adams signed the renewal Application, Defendants were aware of circumstances or incidents in their handling of the Russell Litigation which may have reasonably been expected to result in a claim against Defendants.

30. The Policy is void due to a misrepresentation in the Policy's renewal Application because Adams checked the "NO" box in response to the question: "Is applicant, or any other

person for whom insurance is being requested, aware of any circumstance or incident which may reasonably be expected to result in a claim?"

31. Defendants failed to notify the underwriting manager, Berkley, and/or affiliates thereof of any material change in the information in the application between the date the application was signed, and the effective date of the Policy as required by the Application.

32. Adams warranted to Berkley in the Application that the information contained in the application was true, accurate, and complete.

33. The information contained in the Application signed by Adams was not true, accurate, and complete.

34. Adams acknowledged in the Application that the statements made in the application are deemed material to the acceptance of the risk or hazard assumed by Berkley and that the Policy was issued in reliance upon the truth of such representations.

35. Adams acknowledged in the Application that in the event the Application contains misrepresentations which materially affect either the acceptance of the risk or the hazard assumed by Berkley, the Policy would be voided.

36. Adams's misrepresentation that Defendants were not aware of any circumstances or incidents that may reasonably be expected to result in a claim materially affected Berkley's acceptance of the risk and the hazard assumed by Berkley.

37. Due to this misrepresentation, the Policy should be voided.

## SECOND CLAIM FOR DECLARATORY RELIEF
## THE POLICY EXCLUDES COVERAGE

38. Berkley reaffirms and realleges each and every allegation contained in this Petition as if set forth fully herein.

39. Even if the Policy is not voided, exclusion 2(a)(1) applies and eliminates coverage for any claim based on, or directly or indirectly arising from, a legal service rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the legal service could give rise to a claim.

40. Defendants knew or could have reasonably foreseen that legal services rendered prior to the effective date of the Policy by the Defendants in the Russell Litigation could give rise to a claim.

41. Therefore, exclusion 2(a)(1) eliminates coverage under the Policy.

## THIRD CLAIM FOR DECLARATORY RELIEF
## FAILURE TO PROVIDE TIMELY NOTICE PRECLUDES COVERAGE

42. Even if the Policy is not voided, Defendants' breach of the Notice of Potential Claims condition of the Policy eliminates any coverage.

43. The Notice of Potential claims condition of the Policy required Defendants to notify Berkley in writing during both the current and prior policy period when Defendants became aware of any event or circumstance which could reasonably be expected to give rise to a claim.

44. The events and circumstances in the Russell Litigation giving rise to the Malpractice Case, for the most part, occurred in the prior policy period.

45. Defendants were aware during the prior policy period and early in the current policy period of events and circumstances that could reasonably be expected to give rise to a claim but did not send written notice to Berkely of the possibility of a malpractice claim arising out of the Russell Litigation until on or about August 9, 2022.

46. Defendants breached the Notice of Potential claims provision of the Policy.

47. Therefore, there is no coverage available to Defendants under the Policy for the claims made against them in the Malpractice Action.

**WHEREFORE**, Berkley respectfully demands that judgment be entered against the Defendants as follows:

(1) Declaring that the Policy is void due to a misrepresentation made in the Renewal Application;

(2) Or, in the alternative, declaring that coverage is excluded under the Policy because the claims made against the Defendants in the Malpractice Action are claims based on or directly or indirectly arising from 'Legal Services' Defendants rendered in the Russell Litigation prior to the effective date of the Policy and Defendants knew or could have reasonably foreseen that those Legal Services could give rise to a claim;

(3) Or, in the alternative, declaring that no coverage exists under the Policy because Defendants failed to comply with the Notice of Potential Claims condition of the Policy, which required Defendants to notify Berkley in writing during both the current and prior policy period when The Adams Law Firm became aware of any event or circumstance which may reasonably be expected to give rise to a claim;

(4) Awarding Berkley its costs; and

(5) Awarding Berkley any and all other relief to which it may be entitled.

Respectfully submitted,

*s/ Jeremey R. Goolsby*
Jeremey R. Goolsby, No. 034505
Frost Brown Todd LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
(615) 251-5580 Telephone
(615) 251-5551 Facsimile
jgoolsby@fbtlaw.com

*Counsel for Berkley Assurance Company*

0119409.0761010  4891-2038-0996